IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER L. BRIGGS, 1294343, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | NO. 3:08-CV-1267-L |
| | § | |
| RICHARD THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Procedural Background**

Petitioner challenges his conviction for possession of cocaine with the intent to distribute. *State of Texas v. Christopher L. Briggs*, No. F98-50445-T (283rd Jud. Dist. Ct., Dallas County, Tex., Mar. 23, 1999). Petitioner was placed on deferred adjudication probation. On March 17, 2005, the state filed a motion to proceed with adjudication of guilt alleging that Petitioner had violated various conditions of his probation. On March 24, 2005, Petitioner pled "True" to the allegations and entered an open plea. The court found Petitioner guilty and sentenced him to forty years confinement.

On November 21, 2005, the Fifth District Court of Appeals affirmed and modified the judgment. *Briggs v. State*, No. 05-05-00571-CR, 2005 Tex. App. LEXIS 9726 at *1 (Tex. App. – Dallas, 2005). On May 3, 2006, the Court of Criminal Appeals denied Petitioner's petition for discretionary review. *In re Briggs*, PD-1942-05 (Tex. Crim. App. 2006).

On October 4, 2006, Petitioner filed a state habeas petition. *Ex parte Briggs*, No. 67,799-01. On August 8, 2007, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On July 24, 2008, Petitioner filed the instant § 2254 petition. He argues:

1. The trial court committed judicial misconduct;

2. The trial court erred when by instructing the prosecutor to "tamper with the evidence";

3. He received ineffective assistance of counsel when counsel:

    (a) abandoned Petitioner's appeal, failed to inform Petitioner of his right to appeal, failed to file a notice of appeal, and failed to file a motion to withdraw;

    (b) failed to object to the forty year sentence;

    (c) failed to file a motion for new trial and preserve appeal grounds;

    (d) failed to object to conflicting documents in Petitioner's records;

    (e) failed to object to the trial court sentencing Petitioner immediately after adjudication of guilt without conducting a second phase punishment hearing;

    (f) failed to perform a thorough investigation;

4. The trial court violated his due process rights when the judge did not allow him to speak; and

5. The sentence violates Petitioner's right to be free from cruel and unusual punishment.

## II. Discussion

**1. Standard of Review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that

principle to the facts of the prisoner's case. *Id*.

## 2. Judicial Misconduct

Petitioner argues that the trial judge who placed him on deferred adjudication probation committed misconduct. He states the judge illegally placed a bet with him. The record shows as follows:

> COURT: – the evidence is clear what you were doing. I am not going to find you guilty of it. Although you are. I am going to place you on deferred probation for ten years for six years beginning today. I am going to order you [to] pay a $500 fine.
>
> Now I want you to know something young man. And your mama is hearing what I have got to say too. What I wrote down here is, recommend minimum ten years if revoked. If you want to be an outlaw, and you want to go to the penitentiary, that's great. But whatever judge it is – see if it is me and I look at this little note here and there is a revocation, I say uh-huh, that kind of meant that there was sort of a deal –
>
> PETITIONER: Yes, sir.
>
> COURT: – between the Judge and Mr. Briggs that Mr. Briggs is betting me ten years down in the penitentiary that he is not going to bust probation; is that the bet we have?
>
> PETITIONER: Yes, sir.
>
> COURT: But now – now, I want you to understand I am not playing, this is serious stuff. You are the one saying that you are now grown and you weren't a man back at 17 and did that 30 days, okay . . . .

(Tr. Vol. 3 at 15-16.)

In this case, Petitioner's claim is barred by limitations. The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

On March 23, 1999, Petitioner was placed on deferred adjudication. Under 28 U.S.C. §

2244(d)(1)(D) he knew of the factual predicate of his claim on that date.[1] He then had one year, or until March 23, 2000, to file his federal claim. Although the filing of a state application for habeas corpus tolls the statute of limitations, 28 U.S.C. § 2244 (d)(2), Petitioner filed no state habeas petitions challenging his deferred adjudication probation. Petitioner has also stated no basis for applying equitable tolling to this claim. The claim is therefore barred by the one-year statute of limitations.

**3.      Evidence Tampering**

Petitioner argues the trial court ordered the prosecutor to change a document listing the term of probation from ten years to six years.

The record shows that during the revocation hearing, the state's motion to proceed with

---

The statute provides that the limitations period shall run from the latest of--

>   (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
>   (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -5-

adjudication of guilt stated Petitioner was placed on deferred for ten years rather than six years. (Tr. Vol. 4 at 5-6). The prosecutor made an oral motion to amend the motion. (*Id*.) The court found that the error was clerical and crossed out the ten and wrote a six on the motion. (*Id*. at 6.)

Petitioner has failed to establish unlawful "tampering" with evidence. The state timely filed its motion to proceed with adjudication of guilt before the six years deferred adjudication expired. His claim is without merit and should be denied.

**4.    Due Process**

Petitioner argues the revocation judge violated his due process rights when he failed to allow Petitioner to speak at the sentencing phase. The record shows Petitioner testified during the sentencing phase. (Tr. Vol. 4 at 8-15). After the judge pronounced Petitioner's sentence, he asked the judge if he could speak, which the judge denied. Petitioner has failed to show he had any constitutionally protected right to speak after being sentenced. This claim should be denied.

**5.    Eighth Amendment**

Petitioner argues his sentence violates his Eighth Amendment right to be free from cruel and unusual punishment. He states his sentence is "grossly disproportionate" to the crime and to his personal circumstances. (Amended Claims at 1-21).

Petitioner pled guilty to a first degree felony. The court informed him at the time of his plea that the range of punishment was five years to ninety-nine years or life. (Tr. Vol. 1 at 3). Petitioner stated he understood the range of punishment. (*Id*.) The forty-year sentence was well within the range of punishment. Petitioner has failed to show his sentence violated his constitutional rights.

**6**.     **Ineffective Assistance of Counsel**

Petitioner claims he received ineffective assistance of counsel. To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

**(A)     Appeal**

Petitioner argues his revocation attorney failed to inform him of his right to appeal, failed to file a notice of appeal and failed to withdraw as counsel. The record shows that defense counsel filed an affidavit on state habeas review. (*Ex parte Briggs* at 66-67.) Defense counsel stated she informed Petitioner of his right to appeal, but Petitioner did not want to file an appeal.

(*Id*. at 67.) Defense counsel also stated Petitioner told her he did not want another court-appointed attorney and he refused to sign any forms. (*Id*.) Petitioner has failed to show that the state court's decision to deny relief on this claim was an unreasonable application of clearly established federal law or that it was based on an unreasonable determination of the facts. The claim should be denied.

**(B)     Sentence**

Petitioner argues his counsel was ineffective for failing to object to his forty-year sentence. He states his counsel should have argued the sentence was arbitrary, excessive and disproportionate to the crime.

As discussed above, Petitioner's sentence was well within the range of punishment. Petitioner has stated no valid basis for his counsel objecting to the sentence. Counsel is not required to make frivolous objections, arguments or motions. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995).

**(C)     Conflicting Documents**

Petitioner claims his counsel was ineffective because she failed to object that the state's paperwork stated he was on probation for ten years, while the judge's paperwork stated he was on probation for six years. As discussed above, the state's paperwork had a clerical error that did not prejudice Petitioner in any way. His counsel was not required to file frivolous objections.

**(D)     Sentencing Phase**

Petitioner argues his counsel should have objected when the revocation court sentenced him without first conducting a sentencing phase. The court, however, did conduct a sentencing

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**       Page -8-

phase after Petitioner pled true and the court found him guilty. (Tr. Vol. 4 at 8-27.) This claim is without merit and should be denied.

**(E)  Investigation**

Petitioner argues his counsel was ineffective because she failed to perform a proper investigation and determine that there were some documents that stated Petitioner was on probation for six years while other documents said his probation was for ten years. Petitioner argues this discrepancy imposed multiple punishments for the same offense. Petitioner's claim is without merit. As discussed above, the court found that Petitioner was placed on probation for six years. Petitioner has failed to state any prejudice from the clerical error.

**(F)  New Trial**

Petitioner argues his counsel was ineffective because she failed to file a motion for new trial regarding newly discovered evidence and failed to preserve grounds for appeal. Petitioner argues his counsel should have filed a motion for new trial because: (1) the forty-year sentence was disproportionate to the crime and arbitrary; (2) the documents regarding the term of his probation were in conflict; (3) the court/prosecutor tampered with evidence when it changed the motion to revoke to show that Petitioner's term of probation was six years rather than ten years; (4) the judge who placed Petitioner on probation improperly offered Petitioner a bet regarding his probation; (5) the revocation court improperly sentenced Petitioner without conducting a punishment hearing; (6) the revocation judge showed bias when he would not allow the state to offer a plea agreement; (7) the revocation judge did not allow him to speak.

Petitioner has failed to show there was new evidence to support a motion for new trial. Defense counsel submitted an affidavit on state habeas review stating that no new evidence

existed. (*Ex parte Briggs* at 66-67.) The Court has determined that Petitioner's other claims are without merit. He has failed to show his counsel was ineffective for failing to raise these meritless claims. *Gibson*, 55 F.3d at 179.

**7. Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 10th day of December, 2010.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

# INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).