IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER L. BRIGGS, 1294343**, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:08-CV-1267-L** |
| | § | |
| **RICHARD THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division**, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Before the court is Petitioner Christopher L. Briggs's Petition for Writ of Habeas Corpus, filed July 24, 2008. United States Magistrate Judge Paul D. Stickney entered filed Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on December 10, 2010. Petitioner filed no objections to the Report.

This is a habeas petition filed pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for possession of cocaine with intent to distribute. He was originally placed on deferred adjudication by the state court for ten years on March 23, 1999, but Petitioner had his probation revoked after pleading "True" on March 24, 2005, to numerous allegations made against him by the state for violating various conditions of his probation. He was then sentenced by the state court to forty years confinement. His conviction was affirmed by the state appellate court on November 21, 2005, and the Texas Court of Criminal Appeals denied Petitioner's request for discretionary review.

On October 4, 2006, Petitioner filed a state habeas petition that was denied without written order by the Texas Court of Criminal Appeals on August 8, 2007. In his subsequent federal habeas petition, filed in this court on July 24, 2008, Petitioner argues that he is entitled to relief because (1)

the trial court committed judicial misconduct; (2) the trial court erred by instructing the prosecutor to "tamper with the evidence"; (3) Petitioner received ineffective assistance of counsel; (4) the trial court violated Petitioner's due process rights by not allowing him to speak; and (5) the forty-year sentence constitutes cruel and unusual punishment.

Magistrate Judge Stickney determined that Petitioner is being lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. The magistrate judge further determined that the state court's determination to deny relief is not contrary to and does not involve an unreasonable application of clearly established federal law. Accordingly, the magistrate judge recommends that this court deny the petition for writ of habeas corpus. The court agrees.

After conducting its own review of the petition and record, it is apparent to the court that the arguments raised in the petition are without merit. For example, Petitioner argues that the state court committed judicial misconduct when the trial judge illegally "placed a bet" with him. The transcript of the state court proceeding shows, however, that the trial judge stated that he was going to recommend a minimum of ten years imprisonment if probation was revoked. The judge then stated that such recommendation would appear as though Petitioner was "betting" the judge ten years of confinement that he would not violate his probation. The trial judge made it abundantly clear to Petitioner that the choice whether to comply with the conditions of his probation or face a potential sentence of at least ten years was his. There was no "bet" and no judicial misconduct with respect to this exchange. Moreover, this contention is barred by the one-year statute of limitations because Petitioner did not challenge his deferred adjudication probation in his state habeas petition and has provided no basis for equitable tolling. Petitioner's other contentions of evidence tampering,

deprivation of due process, and ineffective assistance of counsel are directly contradicted by the record, as discussed in detail by the magistrate judge.

After reviewing of the petition, filings, Report, and record, the court agrees with the findings of the magistrate judge. The court accordingly determines that the magistrate judge's findings and conclusions are correct. The Report is **accepted** as that of the court. The court **dismisses with prejudice** the writ of habeas corpus because Petitioner has failed to demonstrate an unreasonable application of or decision contrary to federal law by the state courts below.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in*

---

[*]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a)    Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    (**b**)    **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

*forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

       **It is so ordered** this 28th day of December, 2010.

Sam A. Lindsay<br>
United States District Judge
